UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADENTON BEAUTY & BARBER
ACADEMY, INC.,

    Plaintiff,

v.                                                          Case No: 8:16-cv-456-T-27JSS

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant First National Insurance Company of America's Motion to Strike Plaintiff's Experts as Untimely and/or for Failure to Provide Written Expert Reports and Sufficient Information Required by Rules 26(a)(2)(B) and 26(a)(2)(C) ("Motion") (Dkt. 22), and Plaintiff's response in opposition (Dkt. 26). For the reasons that follow, the Motion is denied.

## **BACKGROUND**

This case involves a coverage dispute under a commercial property insurance policy issued to Plaintiff by Defendant First National Insurance Company of America.[1] (Dkt. 1.) Plaintiff alleges that one of its covered properties was damaged by a sewage backup, and that Defendant failed to pay Plaintiff the amount it is owed under the policy for this damage. (Dkt. 1 ¶¶ 7, 11–12.) Plaintiff sues Defendant for breach of the policy. (Dkt. 1 ¶¶ 15–20.) In its answer, Defendant

---

[1] Defendants American States Insurance Company and Liberty Mutual Insurance Company were dismissed as defendants pursuant to Plaintiff's notice of voluntary dismissal. (Dkts. 10, 12.)

admits that the damage caused by the reported sewage backup was paid as a covered loss, and thus contends that Defendant has met its obligations to Plaintiff under the policy. (Dkt. 3.)

During discovery, Plaintiff disclosed that it intends to rely, in part, upon the testimony of expert witnesses. Defendant seeks to strike two of Plaintiff's expert witnesses on the grounds that Plaintiff's disclosures under Federal Rule of Civil Procedure 26 were insufficient and/or untimely. (Dkt. 22.)

## APPLICABLE STANDARDS

Pursuant to Federal Rule of Civil Procedure 26, a party must disclose to the other parties the identity of any expert witness it may use to present evidence at trial. Fed. R. Civ. P. 26(a)(2)(A). For experts "retained or specifically employed to provide expert testimony," the expert disclosure must be accompanied by a signed, written report that contains the following: "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," "any exhibits that will be used to summarize or support them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). For witnesses not providing a written report, the expert disclosures must contain "the subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) (internal quotations omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Breathe Easy*, 2009 WL 92826, at *3.

## ANALYSIS

In its Case Management and Scheduling Order, the Court set November 1, 2016, as the deadline for expert witness disclosures, with rebuttal experts disclosures due twenty days thereafter. (Dkt. 15.) On November 1, 2016, Plaintiff timely served its expert disclosures, disclosing Michael Barral and Bruce Smith as experts. (Dkt. 22 ¶ 3; Dkt. 22-1.) Defendant contends that Plaintiff did not disclose written reports pursuant to Rule 26(a)(2)(B), or, for witnesses who do not provide reports, information as required by Rule 26(a)(2)(C). (Dkt. 22 ¶ 3.) Thereafter, on November 16, 2016, Plaintiff served an amended expert witness disclosure, listing only Mr. Barral as an expert. (Dkt. 22-2.) Defendant contends that this disclosure also did not comply with the requirements of Rule 26(a)(2)(B) or (C).

Next, on December 20, 2016, four days after the Court's December 16, 2016 discovery deadline (Dkt. 15), Plaintiff served a second amended expert witness disclosure, listing Mr. Barral and Scott Russell as experts. (Dkt. 22-3.) Plaintiff disclosed that Mr. Barral "is expected to testify in accordance with his opinions expressed in his report provided to the Defendant prior to litigation," and Mr. Russell is expected to testify in accordance with his opinions expressed in his report, which Plaintiff attached to the second amended disclosure. (Dkt. 22-3.) Defendant contends that the second amended disclosure was untimely and failed to comply with Rule 26(a)(2)(B) and (C). (Dkt. 22 ¶¶ 9–10.)

Finally, in response to the Court's order (Dkt. 31), Plaintiff submitted, among other materials, Plaintiff's third amended expert witness disclosure, served March 7, 2017, in which Plaintiff disclosed Mr. Barral pursuant to Rule 26(a)(2)(C), as a witness not providing a written report, and Mr. Russell pursuant to Rule 26(a)(2)(B), as a witness providing a written report.

**A.    Mr. Barral**

With regard to Plaintiff's second amended disclosures, Defendant argues that Plaintiff did not provide a written report for Mr. Barral that complies with Rule 26(a)(2)(B), but instead provided a pre-litigation claim package submitted by Mr. Barral to Defendant. In response, Plaintiff argues that it timely disclosed Mr. Barral as an expert witness and provided Defendant with Mr. Barral's report and other supporting records well before its timely November 1, 2016 disclosure.

Plaintiff explains that it hired Mr. Barral as its public adjuster during the insurance claims process that preceded this lawsuit. (Dkt. 26 at 3.) Mr. Barral, on Plaintiff's behalf, submitted a claim package and supporting materials to Defendant before this lawsuit was filed. (Dkt. 26 at 3.) Plaintiff disclosed Mr. Barral, in its April 2016 initial Rule 26(a) disclosures, as an individual

likely to have discoverable information, and listed the files of Mr. Barral's employer, ClaimQuest, Inc., and all demand packages as documents supporting Plaintiff's claim. (Dkt. 26-1.) At Defendant's request, Plaintiff served amended Rule 26(a) initial disclosures, in which it stated that Plaintiff had provided Defendant with Mr. Barral's claim package, and that these documents remained available at Plaintiff's counsel's office. (Dkts. 26-3, 26-4.) Further, in response to Defendant's counsel's inquiries in September 2016, Plaintiff's counsel provided Defendant with Mr. Barral's claim package. (Dkt. 26-6.) Finally, Plaintiff states that Mr. Barral confirmed the following at his December 2016 deposition: that his opinions related to the value of Plaintiff's claim, which is set forth in Mr. Barral's claim package; that all documents upon which he relied had been provided to Defendant; that he had not been deposed nor testified at trial in the past four years; and that he was to be paid ten percent of Plaintiff's total gross recovery exceeding $130,000. (Dkt. 26 at 5–6.)

The Court finds that Mr. Barral was timely disclosed as an expert. (Dkts. 15, 22-1.) Further, Plaintiff provided Defendant with Mr. Barral's claim package in advance of the expert disclosure deadline. Upon review of Plaintiff's third amended expert witness disclosure, in which Mr. Barral has been disclosed as a witness pursuant to Rule 26(a)(2)(C), the Court finds that although the disclosure meets the requirements of Rule 26(a)(2)(C)(i), it fails to provide "a summary of the facts and opinions to which the witness is expected to testify," as required by Rule 26(a)(2)(C)(ii). Specifically, although the third amended disclosure states that Mr. Barral will testify in accordance with the facts and opinions expressed in his claim package and at his deposition, it does not summarize the facts and opinions about which Mr. Barral will testify.

Because Plaintiff failed to make appropriate disclosures under Rule 26(a), the Court must determine whether Plaintiff's failure was substantially justified or harmless. Fed. R. Civ. P.

37(c)(1).  It is unclear why, despite disclosing Mr. Barral pursuant to Rule 26(a)(2)(C), Plaintiff's third amended disclosure omits the information required by Rule 26(a)(2)(C)(ii).  However, because Plaintiff disclosed Mr. Barral as an individual with relevant information in its initial disclosures, timely disclosed him as an expert, and made the claim package and supporting documentation available to Defendant well before the expert disclosures deadline, the Court finds that there is no prejudice to Defendant.

Nonetheless, Plaintiff shall supplement its third amended disclosure with the information required by Rule 26(a)(2)(C)(ii) within fourteen days of this Order.  This supplement shall not expand the scope of Mr. Barral's expected testimony from the scope previously disclosed in Plaintiff's expert disclosures and in Mr. Barral's deposition testimony.  Further, to the extent Defendant believes that a second deposition of Mr. Barral is necessary as a result of the forthcoming supplement, Defendant is granted leave to depose Mr. Barral.  The deposition must be completed within thirty days of this Order.

Finally, Defendant argues that Mr. Barral should be precluded from testifying because he (1) "is not qualified to testify as an expert witness in federal court," (2) has a financial interest in the outcome of the case as Plaintiff's public adjuster, and (3) was involved in the case pre-litigation, which "casts serious doubt on the credibility of any opinion he might have."  (Dkt. 22 at 7–8.)  These bases for disqualification are not bases for striking Mr. Barral as a witness based on discovery violations, under Rules 26(a), 26(e), and 37(c), but instead appear to be better suited as part of a *Daubert* motion or as a topic for cross examination.  Accordingly, the Motion is denied as to Mr. Barral, but, as previously ordered herein, Plaintiff shall supplement its disclosure pursuant to Rule 26(a)(2)(C)(ii) and Defendant is granted leave to conduct a second deposition of Mr. Barral.

## B.     Mr. Russell

As to Mr. Russell, Defendant contends that his disclosure was untimely and that Plaintiff failed to provide all information required by Rule 26(a)(2)(B).  (Dkt. 22 ¶ 11.)  In response, Plaintiff contends although it disclosed him as a rebuttal expert on December 20, 2016 (Dkt. 22-3), which was after the Court's November 21, 2016 rebuttal expert deadline (Dkt. 15), it disclosed Mr. Russell as soon as it became apparent that his testimony, as an industrial hygienist, was warranted due to deposition testimony from depositions commencing November 21, 2016.  (Dkt. 26 at 9–10.)  Plaintiff elaborated as follows:

> Specifically, this case involves a "black water" sewage backup that caused catastrophic damage to the Plaintiff's insured property. During depositions, it became apparent that the Defendant intended to argue that the Plaintiff did not establish that some of the property claimed in the proof of loss was actually damaged as a result of the black water flood. It also became apparent that the Defendant did not perform any type of inspection or testing to determine the extent of water intrusion, potential mold or bacterial growth, or moisture levels. To rebut these defenses, the Plaintiff contacted a certified industrial hygienist, Scott Russell, to provide testimony regarding the nature of black water floods and the type of damage that accompanies it. Mr. Russell's disclosure was accompanied by a copy of his report, containing his opinions. Because depositions did not even commence until November 21, 2016, there was no way for the Plaintiff to know that the testimony of an industrial hygienist might be relevant until after that date.

(Dkt. 26 at 9–10.)  Further, Plaintiff states that because Plaintiff and Defendant stipulated to an extension of the discovery deadline to January 17, 2017, Defendant cannot show prejudice because it had the opportunity to depose Mr. Russell before the expiration of the parties' stipulated discovery deadline.  (Dkt. 26 ¶¶ 18, 21.)

Mr. Russell was not disclosed by the November 21, 2016 deadline for rebuttal experts (Dkt. 15), but was disclosed about one month later in Plaintiff's second amended disclosures.  Accordingly, this rebuttal opinion was untimely.  Fed. R. Civ. P. 26(a)(2)(D).  Further, Defendant is correct that Mr. Russell's report, which was attached to Plaintiff's second amended disclosures (Dkt. 22-3), does not contain all the elements required by Rule 26(a)(2)(B)(i)–(vi).  Specifically,

Mr. Russell's report lacked Mr. Russell's "qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," "a statement of the compensation to be paid for the study and testimony in the case, and "the facts or data" Mr. Russell considered in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B). Thus, Plaintiff's disclosure of Mr. Russell was untimely and incomplete.

Because Plaintiff's disclosure of the rebuttal opinion and report was deficient under Rule 26(a)(2)(B) and (D), the Court must next determine whether Plaintiff's failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). As part of this consideration, the Court recognizes that the rules governing expert disclosures are "intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and [ ] arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotations omitted); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1248 (M.D. Fla. 2012) (internal quotations omitted) (explaining that "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," and "compliance with the requirements of Rule 26 is not merely aspirational").

As to the untimeliness of the disclosure, Plaintiff argues that it served Mr. Russell's rebuttal opinion, although after the deadline, as soon as it learned that his testimony would be necessary during depositions that did not commence until November 21, 2016. (Dkt. 26 ¶¶ 18, 20.) Specifically, Plaintiff states "[n]otably, the parties began the first depositions in this case on November 21, 2016." (Dkt. 26 ¶ 20) (emphasis in original.) In light of this deposition testimony, the Court finds Plaintiff's untimely disclosure of Mr. Russell substantially justified, albeit barely so. *See Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.*, No.

2:04CV26FTM29DNF, 2006 WL 1722341, at *1 (M.D. Fla. June 22, 2006) (denying a motion to strike a rebuttal report served after the deadline for rebuttal because the report rebutted testimony given by the opposing party's expert after the deadline for rebuttal reports).  As to the second amended disclosure's failure to contain all the information required by Rule 26(a)(2)(B), Plaintiff's third amended disclosures, served on March 7, 2017, contain the information missing from Plaintiff's second amended disclosures.  As such, although untimely, the disclosure is now complete.  Accordingly, the Motion is denied as to Mr. Russell.

However, to ameliorate any prejudice to Defendant, the Court finds it appropriate to reopen discovery for the limited purpose of permitting Defendant to depose Mr. Russell.  *See Engle v. Taco Bell of Am., Inc.*, No. 8:09-CV-2102-T-33TBM, 2011 WL 883639, at *2 (M.D. Fla. Mar. 14, 2011) (declining to strike a party's untimely-disclosed experts, but reopening discovery to allow plaintiffs to depose the experts before trial, reasoning that "[t]he reopening of discovery cures any prejudice that [plaintiffs] may have sustained due to untimely disclosures").  Defendant's deposition of Mr. Russell must be completed within thirty days of this Order.

Accordingly, it is **ORDERED** that Defendant's Motion to Strike Plaintiff's Experts as Untimely and/or for Failure to Provide Written Expert Reports and Sufficient Information Required by Rules 26(a)(2)(B) and 26(a)(2)(C) (Dkt. 22) is **DENIED**, provided, however, that Plaintiff shall supplement its disclosure as to Mr. Barral as directed herein within fourteen (14) days, and that discovery is reopened for the limited purpose of permitting Defendant to depose Mr.

Russell and Mr. Barral, which depositions must be completed within thirty (30) days.

**DONE** and **ORDERED** in Tampa, Florida, on March 8, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record