UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRADENTON BEAUTY & BARBER ACADEMY, INC.,**

    **Plaintiff,**

v.                                                     Case No: 8:16-CV-456-T-27JSS

**FIRST NATIONAL INSURANCE COMPANY OF AMERICA,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant, First National Insurance Company of America's Motion for Final Summary Judgment (Dkt. 19), Plaintiff's response (Dkt. 24), and Defendant's reply (Dkt. 33). This case is an insurance dispute over the amount of covered property damages caused by a sewage backup. Because there are disputed issues of material fact regarding the amount of covered property damage, Defendant's Motion will be denied.

**I.    UNDISPUTED MATERIAL FACTS**

The insured property was a beauty school owned and operated by Plaintiff in Sebring, Florida. On January 6, 2014, the property experienced an incursion of sewage, a covered loss. (Policy Form 75 40 12 02, p. 2). Plaintiff submitted a claim for loss related to the structure, including fixtures, flooring, additions, improvements, and betterments (collectively "Tenant Improvements and Betterments"), and Defendant acknowledged coverage (Dkt. 2 ¶¶ 7-8; Dkt. 3 ¶¶ 7-8, 17).

Defendant hired an independent adjuster, Robert Gibson, to quantify the scope of damages. On February 12, 2014, Mr. Gibson prepared a written estimate of damages and presented it to

Plaintiff's CEO, Patty Galdamez. (Dkt. 20-3, Ex. 5 & 5A). The estimate identified the Replacement Cost Value of the Tenant Improvements and Betterment as $28,022.84, depreciation as $3,199.79, and Actual Cash Value as $24,823.05. (*Id.*) On February 18, 2014, Ms. Galdamez responded to Mr. Gibson's e-mail, stating "Yes Rob this estimate is approved and will be double check [sic] on Friday February 21, 2014 with the contractor, Thanks." (Dkt. 20-3, Ex. 5). On April 11, 2014, Defendant issued a payment to Plaintiff, which included the $24,823.05. (Freihoefer Dep., Dkt. 20-4, Ex. 3). On July 8, 2014, Defendant issued another payment for Tenant Improvements and Betterment loss in the amount of $20,026.95, based on a proposal from Waldron Construction to build out a different location in Sebring, bringing the total Tenant Improvements and Betterment payments to $44,850.00.[1] (*Id.*)

On April 3, 2015, Plaintiff's public adjuster, Michael Barral, submitted a claims demand package to Defendant which included the cost to build out a new facility in Brandon, Florida, claiming $422,900.00 under the Tenant Improvements and Betterment coverage. (Dkt. 27-1). Mr. Barral testified that including deductions for arguable "upgrades," he believes that the Plaintiff is owed between $298,400.00 on the "low end" to a "high end" of $420,000.00, accounting for the size difference between the Sebring property and the larger Brandon property. Plaintiff contends that this is the amount Defendant should have paid for the Replacement Cost Value under the Tenant Improvements and Betterment coverage and brings this action breach of contract.

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual

---

[1] The Policy limit is $1.2 million.

dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)).

## III. DISCUSSION

Defendant moves for summary judgment on Plaintiff's claim, contending that Ms. Galdamez's February 18, 2014 e-mail constituted an agreement with Mr. Gibson's estimate, establishing the amount of covered loss, and that Plaintiff otherwise failed to submit any evidence of Tenant Improvements and Betterment damages at the Sebring location. Defendant relies on *Slayton v. Universal Prop. & Cas. Ins. Co.*, 103 So. 3d 934 (Fla. 5th DCA 2012) for the proposition that by failing to supplement its claim with evidence of damages to the insured location, which have not already been paid, Plaintiff cannot establish a breach of contract. Neither *Slayton* nor the evidence, support Defendant's argument.

In *Slayton*, the court held that the insurer's "decision to pay the amount of its estimate (less the deductible) and then consider supplemental claims for additional damages discovered during or

3

arising from the repairs was consistent with the terms of its insurance policy" and was not a breach of contract. 103 So. 3d at 935. Here, however Defendant paid the amount of its estimate, plus an additional amount, based on the assumption that Plaintiff would build out a smaller replacement location in Sebring. When that plan fell through for reasons that are irrelevant, Plaintiff chose a larger alternative replacement location in Brandon and submitted its claim demand for Tenant Improvements and Betterment coverage based on the Brandon build out.[2] Plaintiff's expert, Mr. Barral, opined that the Brandon location is of like kind and quality to the loss at the Sebring location, accounting for the size difference between the two properties.[3] This is sufficient to create an issue for the jury.[4]

Accordingly, Defendant, First National Insurance Company of America's Motion for Final Summary Judgment (Dkt. 19) is **DENIED**.

**DONE AND ORDERED** this 11th day of May, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[2] As Defendant's corporate representative acknowledged, payments under the policy are not dependent on where Plaintiff decided to rebuild, but upon rebuilding, Plaintiff would be entitled to the Replacement Cash Value of the loss. (Dkt. 20-4 at 72:6-18).

[3] Defendant filed a motion to strike Mr. Barral as an expert pursuant to Fed. R. Civ. P. 26, which was denied. (Dkt. 34).

[4] Defendant does not develop its argument that Ms. Galdamez's e-mail was a concession to the amount of covered damages and cites no authority to support it. And, Defendant made an additional payment of $20,026.95 after the e-mail.